UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH JO PENDER, | ) |
|           Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-01287-TWP-DML |
| STEPHANIE PECKHAM, | ) |
| JAMES BASINGER, | ) |
| ED BUSS, | ) |
| STEVE MCCAULEY, | ) |
| JANET O'NEAL, | ) |
| LESLIE JOHNSON, | ) |
| SHIRLEY WASHINGTON, | ) |
| VANESSA TOLBERT, | ) |
| MICHAEL WILKERSON, | ) |
| STANLEY KNIGHT, | ) |
| MICHAEL OSBURN, | ) |
| BRUCE LEMMON, | ) |
|           Defendants. | ) |

**ENTRY DISCUSSING MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 27). Plaintiff Sarah Jo Pender ("Ms. Pender"), an inmate at the Indiana Women's Prison ("IWP"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights when she was confined to the Special Housing Unit ("SHU") at that facility. For the reasons stated below the Motion is **DENIED** in part and **GRANTED** in part.

**I. Motion to Dismiss Standard**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi.*

*Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Discussion

Defendants move for dismissal of each of Ms. Pender's claims. For the following reasons, the motion to dismiss is **denied** in all but one respect.

A. *Official Capacity Claims*

The Defendants Stephanie Peckham, James Basinger, Ed Buss, Steve Mccauley, Janet O'neal, Leslie Johnson, Shirley Washington, Vanessa Tolbert, Michael Wilkerson, Stanley Knight, Michael Osburn, Bruce Lemmon (collectively the "Defendants") first move to dismiss all claims against them in their official capacity as employees of the Indiana Department of Correction. Defendants argue that the official capacity claims would in essence be against the State of Indiana and that such claims are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). The Defendants are correct that claims for damages against a state official in his or her official capacity are barred by the Eleventh Amendment. *Id.* Therefore, any claims for damages against the Defendants in their official capacities are **dismissed.**

To the extent the Defendants can be understood to seek dismissal of official capacity claims against them for injunctive relief, the motion to dismiss must be **DENIED** because a claim for injunctive relief against a state official in his or her official capacity is viable. *See Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) ("Because the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective the plaintiff could have named individual state officials as defendants in the lawsuit for injunctive relief, but he did not do so."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citing *Kentucky v. Graham,* 473 U.S., at 167, n. 14; *Ex parte Young,* 209 U.S. 123, 159-160 (1908)).

B. *Claims 1 and IV[1]: Eighth Amendment Claims*

In Claims I and IV of her complaint, Ms. Pender alleges Defendants McCauley, Peckham, Washington, Buss, Lemmon, Knight, Osburn, Basinger, Tolbert, Wilkerson, and Johnson violated her Eighth Amendment right to be free from cruel and unusual punishment after they were made aware of the harm to her mental health resulting from conditions in the SHU and took no steps to alleviate the conditions.

These Defendants move for dismissal of this claim arguing that they are not medical providers and therefore not responsible for Ms. Pender's medical care. But Ms. Pender's claim is not simply that she received inadequate care for the mental health problems she suffered while in segregation or that Defendants failed in their supervisory responsibility over medical providers. More specifically, her claim is that the Defendants personally "did not take action" after they "were repeatedly made aware of the substantial current harm and risk of further harm to Pender's mental health" resulting from the conditions of the SHU. Broadly construed, this is not a claim that the Defendants failed to administer medical care, but a claim that the Defendants violated her Eighth Amendment rights because they were aware of the damage to Ms. Pender's mental health caused by her stay in the SHU, but did nothing to alter the conditions of her confinement.

Ms. Pender's claim is that her prolonged confinement to the SHU caused and exacerbated her mental illness and that Defendants exhibited deliberate indifference to her condition. Ms. Pender has stated a claim for relief under the Eighth Amendment. *See Townsend v. Cooper,* 759 F.3d 678, 690 (7th Cir. 2014) ("'[P]rolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment (and therefore the Fourteenth), depending on the duration and nature of the segregation and whether there were feasible alternatives to that

---

[1] Ms. Pender has included two "Claim 3"s in her complaint. The second "Claim 3", starting on page 8 of the complaint, is identified in this Entry as Claim 4.

confinement.'") (quoting *Rice ex rel. Rice v. Correctional Medical Services,* 675 F.3d 650, 666 (7th Cir. 2012)).

### C. *Claim III: Equal Protection*

In Claim III, Ms. Pender alleges that defendants Buss, Lemmon, Knight, Basinger, McCauley, Peckham, Johnson, Washington, and O'Neal supplanted IDOC policy utilized in determining her SHU classification with an alternative process that was constitutionally deficient. Ms. Pender asserts that this violated her Fourteenth Amendment right to equal protection because she was singled out for a different classification process than other inmates.

Ms. Pender's equal protection claim must be **dismissed** for failure to state a claim upon which relief can be granted because she does not allege any basis for discrimination on the part of any of the Defendants and a "person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted).

### D. *Claim 2: Due Process*

Finally, Ms. Pender claims that her continued SHU classification resulted from improper classification reviews which denied her Fourteenth Amendment right to due process. The Defendants argue that Ms. Pender's Fourteenth Amendment due process claims must be dismissed because Ms. Pender has failed to state the deprivation of a liberty interest.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that due process liberty interests prohibit restraints which impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In determining whether an atypical and significant hardship exists invoking due process, "both the duration *and* the conditions of the

segregation must be considered." *Marion v. Columbia Correctional Inst.,* 559 F.3d 693, 698 (7th Cir. 2009). "[I]f the conditions of segregation were significantly harsher than those in the normal prison environment, then a year of [segregation] might count as a deprivation of liberty where a few days or even weeks might not." *Id.* (internal quotation omitted). Here, Ms. Pender alleges that she spent 1,866 days in segregation and that during this time she had inadequate opportunities for out-of-cell exercise, that she was subjected to excessive illumination, and that these conditions exacerbated her mental illness. These allegations are sufficient at this stage to state a claim that her continued confinement in the SHU violated her due process rights.

The Defendants go on to argue that Ms. Pender has failed to sufficiently allege that the review process used to consider her maintained confinement in the SHU did not satisfy the requirements of due process. "Prison officials must engage in some sort of periodic review of the confinement of [inmates in administrative segregation]." *Hewitt v. Helms,* 459 U.S. 460, 477 n. 9 (1983) (*abrogated on other grounds by Sandin,* 515 U.S. at 484). "This review will not necessarily require that prison officials permit the submission of any additional evidence or statements." *Id.* But when a due process liberty interest is at stake an inmate is entitled to "some informal, non-adversarial" procedures. *Westefer v. Neal,* 682 F.3d 679, 684-85 (7th Cir. 2012). Informal due process under these circumstances requires a periodic review of the placement determination at a frequency sufficient to ensure that "administrative segregation does not become 'a pretext for indefinite confinement.'" *Id.* (quoting *Hewitt v. Helms,* 459 U.S. 460, 477 n. (1983)). Ms. Pender alleges that the defendants "routinely approv[ed] Pender's continued SHU confinement and willfully ignor[ed] Pender's rights to due process by performing perfunctory reviews where the outcome was pre-decided." At this stage of the proceedings, the Court cannot say that Ms. Pender has failed to state a due process claim based on her continued confinement in segregation.

### III. Conclusion

For the foregoing reasons, the Motion to Dismiss (Dkt 27) is **GRANTED in part AND DENIED in part**. The Motion is **GRANTED** to the extent that any claims for damages against Defendants in their official capacities and Ms. Pender's equal protection claims are **dismissed**. The motion is in all other respects **DENIED**. A separate order directing the development of this action shall issue.

    **IT IS SO ORDERED.**

Date: 8/5/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sarah Pender
DOC #953968
Indiana's Women's Prison
2596 Girls' School Road
Indianapolis, IN 46214

All electronically registered counsel