IN THE
UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH JO PENDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:14-CV-01287-TWP-DML |
| PETER PECKHAM, *et al.* | ) ) ) |
| Defendants. | ) |

## AFFIDAVIT OF VANESSA TOLBERT

I, Vanessa Tolbert, am an adult competent to testify and who has personal knowledge of the foregoing and declare under the penalties of perjury that:

1. I am a Correctional Lieutenant with the Indiana Women's Prison, a prison under the Indiana Department of Correction.

2. My day to day activities as a Correctional Lieutenant include maintaining the safety and security of the RSHU Unit, ensuring all DOC and IWP directives were followed by staff and inmates, and meeting the needs of the offenders as required under IDOC and IWP's policies.

3. In that capacity, I am familiar with the procedures and policies related to placing an offender in the Indiana Women's Prison's administrative restrictive status housing unit ("RSHU"). I also have personal knowledge of the facts and circumstances regarding Ms. Pender's placement in the Indiana Women's Prison's administrative restrictive status housing unit.

4. From approximately February, 2010 through the end of 2011, a period of approximately 1.5 years, I was in charge of the RSHU at IWP in my capacity as a Correctional Lieutenant.

5. During my time in charge of the RSHU at IWP I participated in numerous classification meetings with Ms. Pender. My only role in these meetings, as Correctional Lieutenant, was to discuss her personal conduct in the unit during the review period.

6. I knew Pender to be a highly intelligent person. I was aware of how she escaped from the Rockville penitentiary. I knew that she had manipulated a DOC officer to help her escape. I had ongoing concerns, based on my interactions with Pender during her time in the RSHU, that she could again manipulate a DOC employee and/or other inmates to again escape from prison.

7. The mental health treatment of offenders in the RSHU was and is exclusively administered by third-party contractors, including Corizon and its mental health professionals. The custodial staff at IWP relies on the mental health professionals employed by the third-party contractors to advise staff whether an offender in the RSHU has a serious mental illness.

8. During the period of time that Pender was in the RSHU, all offenders placed in the RSHU received periodic mental health assessments by third-party contractors, including Corizon and its mental health professionals.

9. Carol Naylor never attended a classification meeting for Pender that I participated in. Ms. Naylor never told me that Pender's mental state was "deteriorating" as alleged by Pender in this lawsuit.

10. I did not have access to Pender's medical records and was unaware of her alleged mental or medical condition(s), other than having a general awareness that she received periodic mental health assessments by Corizon's staff. At no time during Pender's placement in the RSHU was I made aware that she was a "Seriously Mentally Ill" inmate as that term is defined under Operational Procedure 02-01-111. To my knowledge, no mental health professional ever made such diagnosis of Pender.

11. The cells in the RSHU were and are presently illuminated 24 hours per day. The purpose of this illumination was to assist staff in monitoring the activities of offenders residing in the RSHU. For security purposes, it is important that staff be able to visually account for each RSHU resident and what she is doing in her cell.

12. Offenders in the RSHU are forbidden from covering, removing, or otherwise tampering with the 24 hour illumination. However, there was not and is not now any prohibition on offenders using clothing or a towel to cover their eyes while they sleep.

13. During the time that I was in charge of the RSHU and despite periodic reviews of her classification, Pender was determined by IWP staff (myself included) to have been a continued risk to the security and orderly operation of the facility, as being an extreme escape risk, and thus remained in the RSHU.

**I affirm, under the penalties for perjury, that the foregoing representations are true and correct to the best of my knowledge and belief.**

8-17-16
Date:

Vanessa Tolbert
Indiana Women's Prison
Indiana Department of Correction