IN THE
UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SARAH JO PENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  1:14-CV-01287-TWP-DML |
| | ) | |
| PETER PECKHAM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JAMES BASINGER

I, James Basinger, am an adult competent to testify and who has personal knowledge of the foregoing and declare under the penalties of perjury that:

1.     I am the Deputy Commissioner of Operations for the Indiana Department of Correction. I have served in that capacity since June 26, 2013.

2.     My day to day duties as Deputy Commissioner of Operations include overseeing the agency operations of all correctional facilities; serving on various executive committees; serving as resource to the Commissioner's office regarding the agency operations..

3.     In that capacity, I am familiar with the procedures and policies related to placing an offender in the Indiana Women's Prison's administrative segregation units. I also have personal knowledge of some of the facts and circumstances regarding Pender's placement in the Segregated Housing Unit ("SHU") at IWP, which is now known as the Administrative Restricted Status Housing Unit ("RSHU").

4.     It is my understanding that Pender's placement in the RSHU was consistently, regularly reviewed in accordance with DOC policy and Indiana Law. IDOC's staff had to evaluate

Pender on a continuous basis to determine whether IWP could apply enough internal safeguards to ensure that IDOC fulfilled its obligation to keep Pender incarcerated.

5.      When IWP released Pender to the general population, IWP did it in steps by limiting her movement to different parts of the facility. Pender was moved from the RSHU to the transitional dorm on January 31, 2014. This move was made with the approval of Superintendent McCauley based on recommendations from IWP staff. This move was reviewed and approved by the Executive Director of Adult Facilities, Michael Osburn. I did not participate in this decision or review of Pender's placement.

6.      Pender was later moved from the transitional dorm to the general prison population on June 14, 2014. As of the date of this declaration, Pender remains housed within the general prison population.

7.      At no time during Pender's placement in the RSHU was I made aware that she was a "Seriously Mentally Ill" inmate as that term is defined under Operational Procedure 02-01-111. To my knowledge, no mental health professional ever made such diagnosis of Pender.

8.      In my role as Deputy Commissioner of Operations, I was not involved in the monthly decisions, made during the time period relevant to this lawsuit, to keep Pender in the RSHU at IWP nor did I ever participate in any classification reviews of Pender during her time in the RSHU. I made no representations to Pender, as she alleges in this lawsuit, that I was in any way involved in or controlled the decision to keep her in the RSHU at IWP during the relevant time period.

**I affirm, under the penalties for perjury, that the foregoing representations are true and correct to the best of my knowledge and belief.**

8-12-16
Date:

James Basinger
Indiana Department of Correction