UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| SARAH JO PENDER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:14-cv-01287-TWP-DML |
| STEPHANIE PECKHAM, JAMES BASINGER, ED BUSS, STEVE MCCAULEY, JANET O'NEAL, LESLIE JOHNSON, SHIRLEY WASHINGTON, VANESSA TOLBERT, MICHAEL WILKERSON, STANLEY KNIGHT, MICHAEL OSBURN, BRUCE LEMMON, | ) | |
| Defendants. | ) | |

**Entry**

This matter is before the Court on Plaintiff Sarah Jo Pender's Motion for Appointment of Counsel (Dkt. 91). Pender, an inmate at the Indiana Women's Prison ("IWP"), has requested that the Court recruit counsel to represent her in this action brought pursuant to 42 U.S.C. § 1983. Pender's surviving claims are an Eighth Amendment claim that her prolonged confinement to IWP's restricted status housing unit ("RSHU") caused and exacerbated her mental illness and that Defendants exhibited deliberate indifference to her condition.

Litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel on their own. *Gil v. Reed,* 381 F.3d 649, 656

(7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). As an initial matter, the Court notes that Pender's motion does not indicate whether she has made a reasonable attempt to recruit counsel on her own. Further, while the Court recruited counsel through the Meidation Assistance Program to guide her through settlement negotiations, Pender has not provided sufficient facts to show that she will be unable to present her claims at this juncture of the case. On February 13, 2017, Defendants filed a Motion for Summary Judgment (Dkt. 92) and as required by the Local Rules, Pender was provided Notice regarding her right to respond and to submit evidence in opposition to that Motion. (Dkt. 95). Pender's prior filings in this case, including the Complaint, have been detailed and coherent. In addition, the issues in this case appear to be straightforward and uncomplicated and Pender is acutely aware of the facts surrounding her claims. Pender should review the Notice which sets out in detail her responsibilities and deadlines for responding to the summary judgment motion. At this juncture, given the nature of the case, it appears that Pender is competent to litigate this case herself. For the reasons stated above, Pender's motion for assistance with recruiting counsel is **denied**.

Pender should continue her own efforts to recruit counsel, and if she chooses to renew her request for the appointment of counsel, she shall provide the court with a list of the names of attorneys, organizations, and/or law firms that she has contacted. She may consider using the enclosed motion for assistance with recruiting counsel. If a renewed request is filed, the Court will evaluate plaintiff's efforts and may rule accordingly. For the present, Pender's motion for assistance with recruiting counsel [dkt. 91] is **denied.**

**IT IS SO ORDERED.**

Date: 2/23/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

SARAH JO PENDER
953968
INDIANA WOMENS PRISON
2529 N. Girls School Rd.
Indianapolis, IN 46214

Kyle Charles Fletcher
OFFICE OF THE ATTORNEY GENERAL
kyle.fletcher@atg.in.gov

Matthew Keith Phillips
OFFICE OF THE ATTORNEY GENERAL
matthew.phillips@atg.in.gov