IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SARAH JO PENDER,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        CAUSE NO.  1:11-cv-511-TWP-MJD
                                    )
PETER PECKHAM, *et. al.*,           )
                                    )
                Defendants.         )

## RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Defendants Ed Buss, Stanley Knight, Steve McCauley, Janet O'Neal, Peter Peckham,

Vanessa Tolbert, and Shirley Washington, by counsel, Wade J. Hornbacher, Deputy Attorney General,

in response to Plaintiff's First Interrogatories to Defendants, state the following:

**ED BUSS INTERROGATORIES**

**Interrogatory No. 1:**  State your name, address, date of birth, and social security number

**RESPONSE:**  Ed Buss.


**Interrogatory No. 2:**  List your dates of employment with the Indiana Department of Corrections and

specific job duties between August 2008 and present date.  If your job duties are defined by the IDOC

policies or manuals or Indiana Code, please include that information.

**RESPONSE:**  At all times relevant to the allegations raised in the complaint, the Defendant was

employed as Commissioner of the Indiana Department of Correction.  Duties are set forth in Indiana

Code provisions.

1



**Interrogatory No. 3:**  Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison during your employment.

**RESPONSE:**  Defendant had no responsibility or action with regard to the classification and reviews of prisoners in segregated housing unit at Indiana Women's Prison.

**Interrogatory No. 4:**  Identify all incidents for which you have been grieved or investigated within any state or federal correctional institution that resulted in a verbal or written reprimand or for which you were disciplined.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 5:**  Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in this complaint.

**RESPONSE:** Bruce Lemmon, Stanley Knight, Michael Osburn Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

**Interrogatory No. 6:**  Have you ever been a party to a civil court proceeding in a state or federal court?  If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been the Commissioner of two correctional departments and been through numerous lawsuits.

2

EXH. 1

**Interrogatory No. 7:**  Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:**  To the best of the Defendant's knowledge, there were none.

**Interrogatory No. 8:**  Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint.  This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:**  To the best of the Defendant's knowledge, there were none.

**Interrogatory No. 9:**  During your employment by IDOC as Commissioner, were you responsible for deciding or ordering the release of Plaintiff from IWP SHU or for any special conditions of her confinement?  If yes, please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used to base them.  If these responsibilities shifted or were delegated to any of your subordinates at anytime, please indicated when and to whom. If no, who did you believe was responsible any why?

**RESPONSE:**  No.

**Interrogatory No. 10:**  Please, provide the following data: (may alternately be answered by Bruce Lemmon) for the years 2005 – present.

    a)  The average number of days a female IDOC *[sic]* prisoner found guilty of an infraction of the IDOC conduct code was sanctions to disciplinary segregation in a facility segregated housing unit (SHU).

    b)  The total number of days female IDOC prisoners were classified to a facility SHU for administrative segregation purposes for each year.

    c)  The total number of female prisoners houses *[sic]* within IDOC facilities during each year.

3

EXH.1

d) The number of female IDOC prisoners found guilty of a Class A – 108 escape charge under the IDOC conduct code, what her disciplinary sanction was, and how many days each woman spent classified to administrative segregation.  Include date of entry and exit from the SHU confinement, and from which facility she was charge.

e) The total number of days female IDOC prisoners were classified to facility SHU for disciplinary purposes for each year.

**RESPONSE:**

a) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

b) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

c) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

d) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

e) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**BRUCE LEMMON INTERROGATORIES**

**Interrogatory No. 1:**  State your name, address, date of birth, and social security number.

**RESPONSE:**  Bruce Lemmon, Indiana Department of Correction, 302 West Washington Street, Room E334, Indianapolis, IN 46204

**Interrogatory No. 2:**  List your dates of employment with the Indiana Department of Corrections and specific job duties for the position you now hold as Commissioner.  If your job duties are defined by IDOC policies or manuals or Indiana Code, please include that information.

4

Exh 1

**RESPONSE:** At all times relevant to the allegations raised in this complaint, Defendant was employed as the Superintendent of the Putnmaville Correctional Facility or the Commissioner of the Indiana Department of Correction.

**Interrogatory No. 3:** Describe in detail your routine responsibilities and actions taken with regard to the classifications and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

**RESPONSE:** Defendant had no responsibility or action with regard to the classification and reviews of prisoners in segregated housing unit at Indiana Women's Prison.

**Interrogatory No 4:** Identify all incidents for which you have been grieved or investigated within any state or federal correctional institution that resulted in a verbal or written reprimand or for which you were disciplined.

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 5:** Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in this complaint.

**RESPONSE:** Ed Buss, Stanley Knight, Michael Osburn Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

**Interrogatory No. 6:** Have you ever been a party to a civil court proceeding in a state or federal court? If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

Exh 1

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is burdensome and overbroad as Defendant has been the Commissioner and Superintendent at various facilities and has been involved in numerous lawsuits.

**Interrogatory No. 7:** Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:** To the best of the Defendant's knowledge, there were none.

**Interrogatory No. 8:** Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint. This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:** To the best of the Defendant's knowledge, there were none.

**Interrogatory No. 9:** During your employment by IDOC as Commissioner, were/are you responsible for deciding or ordering the release of Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of her confinement? If yes, please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used to base them. If these responsibilities shifted or were delegated to any of your subordinates at any time, please indicated when and to whom. If no, who do you believe is responsible and why?

**RESPONSE:** No.

**Interrogatory No. 10:** Please provide the following data for the years 2005 – present:

a) The average number of days a female IDOC prisoner found guilty of an infraction of the IDOC conduct code was sanctioned to disciplinary segregation in a facility segregated housing unit (SHU).

6

*Exh 1*

b) The total number of days female IDOC prisoners were classified to facility SHU's for disciplinary purposes each year.

c) The total number of days female IDOC prisoners were classified to facility SHU's for administrative purposes each year.

d) The total number of female prisoners housed within all IDOC facilities during each year.

e) List each female IDOC prisoner found guilty of a class A -108 escape charge under the IDOC conduct code, what her disciplinary sanction was, and how many days each woman spent classified to administrative segregation.  Include date of entry and exit from the SHU confinement and from which facility she was charged.

**RESPONSE:**

a) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

b) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

c) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

d) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

e) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**STANLEY KNIGHT INTERROGATORIES**

**Interrogatory No. 1:** State your name, address, date of birth, and social security number

**RESPONSE:** Stanley Knight, Putnmaville Correctional Facility, 1946 W. US Highway 40, Greencastle, IN 46135.

7



*Exh 1*

**Interrogatory No. 2:**  List your dates of employment with the Indiana Department of Corrections and specific job duties between August 2008 and present date.  If your job duties are defined by the IDOC policies or manuals, please also provide that definition.

RESPONSE:  January 2011 to Present – Putnamville Correctional Facility Supeintendent; July 2009 to December 2010 – Indiana Department of Correction, Acting Deputy Commissioner of Operations; March 2008 to January 2011 – Indiana Department of Correction, Executive Director of Adult Facilities.

Interrogatory No. 3:  Describe in detail your routine responsibilities and actions taken with regard to the classifications and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison between Aug 2008 – present.

**RESPONSE:**  As Executive Director, Defendant reviewed requests for placement into and releases from long-term departmental administrative segregation.

Interrogatory No. 4:  Identify all incidents for which you have been grieved or investigated that resulted in a verbal or written reprimand or for which you were disciplined by IDOC.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5:  Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in the complaint.

**RESPONSE:**  Ed Buss, Bruce Lemmon, Michael Osburn, Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

8

Exh1

**Interrogatory No. 6:**  Have you ever been a party to a civil court proceeding in state or federal court?  If so, please state that nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been a Deputy Commissioner, Executive Director, and Superintendent at various times and has been through numerous lawsuits.


**Interrogatory No. 7:**  Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:**  Defendant periodically toured facilities and may or may not have brifly talked to the Plaintiff during such a tour through the IWP segregation unit, but to the best of the Defendant's knowledge, he does not recall any particular conversations.


**Interrogatory No. 8:**  Describe in detail any correspondence or conversation you had with other Defendants, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint if otherwise not described by answer #5.  This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:**  To the best of the Defendant's knowledge, upon Plaintiff's capture, he was verbally directed by the Commissioner Ed Buss to utilize the established procedures to place Ms. Pender in the appropriate administrative or disciplinary segregation as appropriate under the circumstances due to her recent, high profile escape history, and manipulative skills.


**Interrogatory No. 9:**  Were you ever responsible for deciding or ordering the release of Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of her confinement?  If yes,

Exh1

please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.  If these responsibilities shifted or were delegated to any of your subordinates at anytime, please indicate when and to whom.  If no, who did you believe was responsible and why?

RESPONSE:  As Executive Director, Defendant routinely approved offenders placement and/or continued confinement in long-term administrative segregation based upon recommendations provided by facility staff.

**MICHAEL OSBURN INTERROGATORIES**

**Interrogatory No. 1:**  State you name, address, date of birth, and social security number.

**RESPONSE:**  Michael Osburn, Department of Correction, 302 W. Washington Street, Indianapolis, IN 46204.

Interrogatory No. 2:  List your dates of employment with the Indiana Department of Corrections and specific job duties for the position you currently hold.  If your job duties are defined by IDOC policies or manuals or Indiana Code, please include that information.

**RESPONSE:**  At all times relevant to the allegations raised in the complaint, Defendant was employed as Executive Director of Adult Operations and Deputy Commissioner of Operations for the Indiana Department of Correction.

Interrogatory No. 3:  Describe your routine responsibilities and actions taken with regard to the classifications and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

**RESPONSE:**  Defendant had no responsibility or action with regard to the classification and reviews of prisoners in segregated housing unit at Indiana Women's Prison.

Exh 1

Interrogatory No. 4:  Identify all incidents for which you have been grieved or investigated within any state or federal correctional institution that resulted in a verbal or written reprimand or for which you were disciplined.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5:  Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in this complaint.

**RESPONSE:**  Ed Buss, Bruce Lemmon, Stanley Knight, Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

Interrogatory No. 6:  Have you ever been a party to a civil court proceeding in a state or federal court? If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been a Deputy Commissioner, and has been through numerous lawsuits.

Interrogatory No. 7:  Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:**  To the best of the Defendant's knowledge, there were none.

Interrogatory No. 8:  Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the

*Exh 1*

Plaintiff's complaint if otherwise not described by answer #5.  This should include phone calls,

memos, emails, staff meetings, etc.

**RESPONSE:**  To the best of the Defendant's knowledge, there were none.


**Interrogatory No. 9:**  Were you ever responsible for deciding or ordering the release of Plaintiff from

the IWP segregated housing unit (SHU) or for any special conditions of her confinement?  If you,

please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the

rationale used on which to base them.  If these responsibilities shifted or were delegated to any of your

subordinates at anytime, please indicate when and to whom.  If no, who did you believe is responsible

and why?

**RESPONSE:** No.


**STEVE McCAULEY INTERROGATORIES**

**Interrogatory No. 1:**  State your name, address, date of birth, and social security number.

**RESPONSE:**  Steve McCauley, Indiana Women's Prison, 2596 Girls School Road, Indianapolis, IN

46214


**Interrogatory No. 2:** List your dates of employment with the Indiana Department of Corrections and

specific job duties between December 2008 and present date.  If your job duties are defined by

IDOC/IWP policies or manuals, please also provide that definition.

**RESPONSE:**  December 2008-February 2009 Superintendent Reception-Diagnostic Center.  March

2009 – present Superintendent Indiana Women's Prison.

Exh 1

Interrogatory No. 3:  Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

**RESPONSE:**  With respect to Department wide long term segregation, Defendant ensures the Unit Team Review Committee applies equitable standards in segregation reviews.  Defendant reviews segregation recommendations of the Unit Team and makes final decisions on placement or removal from long term segregation, subject to review of Executive Director Adult Facilities.

Interrogatory No. 4:  Identify all incidents for which you have been grieved or investigated that resulted in a verbal or written reprimand or for which you were disciplined by IDOC.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5:  Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in the complaint.

**RESPONSE:**  Ed Buss, Bruce Lemmon, Stanley Knight, Michael Osburn, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

Interrogatory No. 6:  Have you ever been a party to a civil court proceeding in state or federal court?  If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been a Facility Superintendent, and has been through numerous lawsuits.

13

Exh 1

**Interrogatory No. 7:**  Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:**  Defendant remembers a couple of discussions with Pender regarding her continuing placement on Administrative Segregation and activities permitted on Segregation.

**Interrogatory No. 8:**  Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint if otherwise not described in answer # 5.  This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:**  IWP staff has had numerous discussions regarding Pender and her Administrative Segregation status.  Defendant had a conversation with Central Office regarding the conditions of her confinement and their security concerns, as well as, their concerns regarded how we were to handle her mail, visitation, and phone calls.

**Interrogatory No. 9:**  Were you ever responsible for deciding or ordering the release of the Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of her confinement?

    a)  If yes, please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.

    b)  If no, or not entirely for the period between December 2008 – present, who did you believe was responsible and why?

    c)  If any of these responsibilities shifted or were otherwise delegated to any of the other Defendants or your subordinates at anytime, please indicate when and to whom.

**RESPONSE: Yes.**

a) Defendant never ordered or decided to release Plaintiff from segregation.

b) This subsection is not applicable to the Defendant.

14

Exh1

c) This subsection is not applicable to the Defendant.

Interrogatory No. 10:  Please provide the following data for the years 2005 – present.

a)  The average number of days a female IWP prisoner is sanctioned to disciplinary segregation in IWP SHU for violating the IDOC conduct code.

b)  The total number of days IWP prisoners were classified to IWP SHU for disciplinary purposes each year.

c)  The total number of days IWP prisoners were classified to IWP SHU for administrative purposes each year.

d)  The total number of prisoners housed at IWP for each year.

e)  The number of IWP prisoners housed in IWP SHU for one thousand (1,000) consecutive days or more and the general circumstances (CAB charges and sanctions) for each woman.  Include entry/exit dates from IWP SHU.

**RESPONSE:**  a) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

b) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

c) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

d) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

e) Objection.  Defendant objects to this Interrogatory because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Exh1

Interrogatory No. 11:  Describe in detail the overhead cell lighting policy for general population at IWP.

   a)  How does the overhead cell lighting policy for IWP SHU differ and why?

   b)  On what date did the policy for IWP SHU change from prisoner control to mandatory illumination and why?

   c)  Were you responsible for designing/causing/approving this policy?

   d)  Do alternatives exist for mandatory, 18-hour, daily illumination for SHU?

**RESPONSE:**  General population offenders control their own cell lighting except the security night light.

   a)  Segregation cells do not have light switches and the unit lighting is controlled by the staff.

   b)  The Defendant is unaware of the change in the policy for IWP SHU.

   c)  No, the building is designed for the staff to control cell lighting.

   d)  No, 24 hour illumination is required for security.


Interrogatory No. 12:  Please provide the following data:

   a)  The number of custody staff working each shift at IWP.

   b)  The IWP prisoner population

   c)  The IWP SHU formal head count number

For the following dates:
4-7 April 2009
12-18 September 2009
12-18 December 2009
4-7 April 2010
7-13 May 2010
17-23 July 2010
22-28 August 2010
12-18 September 2010
10-16 October 2010
14-20 November 2010
12-18 December 2010
23-29 January 2011

16



Exh1

20-26 February 2011
20-26 March 2011
4-7 April 2011
12-18 September 2011

**RESPONSE:**

a) Objection. Defendant objects to this Interrogatory because it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and raises a security risk for the facility.

b) Objection. Defendant objects to this Interrogatory because it is vague, overbroad and the population changes.

c) Objection. Defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence and raises a security risk for the facility.


**PETER PECKHAM INTERROGATORIES**

**Interrogatory No. 1:** State your name, address, date of birth, and social security number.

**RESPONSE:** Peter Peckham, Indiana Women's Prison, 2596 N. Girls School Road, Indianapolis, IN 46214


**Interrogatory No. 2:** List your dates of employment with the Indiana Department of Corrections and specific job duties between December 2008 and present date. If your job duties are defined by IDOC/IWP policies or manuals, please also provide that definition.

**RESPONSE:** Defendant has been employed with the IDOC from July 27, 1992 to present. From 2008 to present date, Defendant has been Custody Supervisor, Correctional Major at the Indiana Women's Prison.


**Interrogatory No. 3:** Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

17

Exh1

**RESPONSE:** Defendant sits as a member of a review panel that makes recommendations based on public safety, security of the facility as well as the previous and current conduct of the offender, determining if the release of the offender from the Administrative Segregation unit is a reasonable risk to the public and the facilities security.

Interrogatory No. 4: Identify all incidents for which you have been grieved or investigated that resulted in a verbal or written reprimand or for which you were disciplined by IDOC.

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5: Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in the complaint.

**RESPONSE:** Ed Buss, Bruce Lemmon, Stanley Knight, Michael Osburn Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Probe, Sharon Don.

Interrogatory No. 6: Have you ever been a party to a civil court proceeding in a state or federal court? If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is burdensome and overbroad.

Interrogatory No. 7: Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

Exh 1

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is overbroad and burdensome as the Defendant has had many conversations with the Plaintiff over the past three (3) years.

Interrogatory No. 8: Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint if otherwise not described by answer #5. This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is overbroad and burdensome as the Defendant has had many conversations about the Plaintiff over the past three (3) years.

Interrogatory No. 9: Were you ever responsible for deciding, in part or whole, the release of Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of her confinement?

a) If yes, please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.

b) If no, or not entirely for the period between December 2008 and present, who did you believe was responsible and why?

c) If any of these responsibilities shifted or were otherwise delegated to any of the other Defendants or your subordinates, please indicate when and to whom.

**RESPONSE:** Yes.

a) The Plaintiff was denied release from Administrative Segregation for reasons of public safety and the security of the facility.

b) This subsection is not applicable to the Defendant.

c) This subsection is not applicable to the Defendant.

19

Exh 1

Interrogatory No. 10:  Are you responsible for the design, approval, and/or implementation of the overhead cell lighting policies for IWP general population and the segregated housing unit?  If yes, please describe your rationale for the current policies and why no alternatives exist to mandatory illumination in SHU.  If no, who is responsible?

RESPONSE:  Defendant is responsible for the review of the security related policies and procedures, with recommendations being made annually for changes to the Superintendent, which in this case does involve the subject of cell lighting.  The lighting remains on for the safety of the staff as well as the offenders.  Staff must look into/observe the offenders in these cells.  The cells are on a single circuit, shutting one light off shuts them all off.  This area also houses offenders who are on close observation and have documented incidents of self inflicted injuries, staff must have a complete view of the cell at all times.

**SHIRLEY WASHINTON INTERROGATORIES**

Interrogatory No. 1:  State your name, address, date of birth, and social security number

RESPONSE:  Shirley Washington, Indiana Women's Prison, 2596 N. Girl School Road, Indianapolis, IN 46214

Interrogatory No. 2:  List your dates of employment with the Indiana Department of Corrections and specific job duties between December 2008 and present date.  If your job duties are defined by IDOC/IWP policies or manuals please so provide that definition.

RESPONSE:  Defendant has been employed with the IDOC from February 13, 2006 to present.

Exh l

Interrogatory No. 3: Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

RESPONSE: Routine duties and responsibilities regarding Unit 11/Segregation Unit includes conducting segregation reviews on disciplinary and administrative segregation offenders and to make recommendations to the Superintendent as to whether offenders should remain on segregation or be released to open population.

Interrogatory No. 4: Identify all incidents for which you have been grieved or investigated that resulted in a verbal or written reprimand or for which you were disciplined by IDOC.

RESPONSE: Objection. Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5: Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information that the Plaintiff may use to support her claims contained in the complaint.

RESPONSE: Ed Buss, Bruce Lemmon, Stanley Knight, Michael Osburn Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

Interrogatory No. 6: Have you ever been a party to a civil court proceeding in state or federal court? If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

RESPONSE: Objection. Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been an employee with IDOC for several years.

Exh 1

**Interrogatory No. 7:** Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:** Defendant meets with Plaintiff every 30 days, unless she refuses, and reviewed her administrative segregation status. Defendant provides a copy of the paperwork to the Plaintiff and forwards it to the superintendent for review.

**Interrogatory No. 8:** Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complain if otherwise not described by answer #5. This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:** Defendant was contacted once by the Central Office staff and asked to speak with the Plaintiff's father to discuss available programming for the Plaintiff while she is in the segregation unit.

**Interrogatory No. 9:** Were you ever responsible for deciding in part or whole, the release of the Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of the confinement?

    a) If yes, please describe your orders/decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.

    b) If no, who did you/do you believe is/was responsible and why?

    c) If any of these responsibilities shifted or were otherwise delegated to any of the other Defendants or your subordinates at anytime, please indicate when and to whom.

RESPONSE: No. Defendant is unaware who was responsible and why.

**JANET O'NEAL INTERROGATORIES**

**Interrogatory No. 1:** State your name, address, date of birth, social security number.

22

Exh 1

**RESPONSE:** Janet O'Neal, Indiana Women's Prison, 2596 N. Girl School Road, Indianapolis, IN 46214.

Interrogatory No. 2: List your dates of employment with the Indiana Department of Corrections and specific job duties between December 2008 and present date. If your job duties are defined by IDOC/IWP policies/manuals, please also provide that definition.

**RESPONSE:** Defendant has been employed with IDOC since March 3, 1986 and has been a Supervisor of Classification since 1992. Defendant's duties include coordination of all classification services, including admission and orientation, work and education program changes, annual review, administrative and disciplinary reviews, classification and disciplinary appeals, facility transfers, time keepings, record keeping and releases.

Interrogatory No. 3: Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit at Indiana Women's Prison.

**RESPONSE:** Defendant is responsible for ensuring a classification hearing report form is prepared by the unit team/custody staff reviewers, forwards to the Superintendent for the final recommendation and retains a copy of the signed document in the offender's institutional packet.

Interrogatory No. 4: Indentify all incidents for which you have been grieved or investigated within IDOC *[sic]* that resulted in a verbal or written reprimand or for which you were disciplined.

**RESPONSE:** Objection. Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

*Exh 1*

Interrogatory No. 5:  Identify the name, address, or telephone number of each individual likely to have

discoverable information, along with the subjects of that information, that the Plaintiff may use to

support her claims contained in this complaint.

**RESPONSE:**  Ed Buss, Bruce Lemmon, Stanley Knight, Michael Osburn Steve McCauley, Peter

Peckham, Shirley Washington, Vanessa Tolbert, Dr. Daniel Prober, Sharon Dawn.

Interrogatory No. 6:  Have you ever been a party to a civil court proceeding in state or federal court?  If

so, please state the nature of the proceeding, the details of the case, your involvement, and the

outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad

as Defendant has been an employee with IDOC for several years.

Interrogatory No. 7:  Describe in detail any meeting, correspondence, or conversation you had with the

Plaintiff regarding subjects contained in the complaint.

**RESPONSE:**  During the time Defendant conducted Plaintiff's classification reviews, Defendant met

with the Plaintiff weekly for the first 60 days of her administrative segregation.  After 60 days, the

Defendant met with the Plaintiff every thirty days until Defendant Washington took over that

responsiblity.  The Defendant responded to a disciplinary appeal regarding the calculation of the

Plaintiff's segregation time on 1-26-09 and processed Plaintiff's classification appeal for the

Superintendent's response on 10-26-10.

Interrogatory No. 8:  Describe in detail any correspondence or conversation you had with each

Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the

*Exh 1*

Plaintiff's complaint if otherwise not described by answer #5.  This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:**  A copy of all pertinent documents, memos, correspondence, and emails has been retained in the Plaintiff's institutional packet.

Interrogatory No. 9:  Were you ever responsible, in part or whole, for deciding the release of Plaintiff from the IWP segregated housing unit (SHU)?

    a)  If yes, please describe your decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.

    b)  If no, who did you believe was responsible and why?

    c)  If any of these responsibilities shifted or were otherwise delegated to any of the other Defendants or your subordinates, please indicated when and to whom.

**RESPONSE:**  No.  To the best of the Defendant's knowledge, there hasn't been a recommendation or decision for her release into general population.


## VANESSA TOLBERT INTERROGATORIES

**Interrogatory No. 1:**  State your name, address, date of birth, and social security number.

RESPONSE:  Vanessa Tolbert, Indiana Women's Prison, 2596 N. Girl School Road, Indianapolis, IN 46214.


Interrogatory No. 2:  List your dates of employment with the Indiana Department of Corrections and specific job duties between December 2008 and present date.  If your job duties are defined by IDOC/IWP policies or manuals, please also provide that definition.

**RESPONSE:**  Defendant has been employed with IDOC from 11-06-1995 to present.  From December 2008 to present, Defendant has been assigned as Assistant Shift Supervisor on both "H" and "I" brackets, Lt. assigned to the Segregation Unit, STG Coordinator, and IDACS Coordinator.

*Exh 1*

Interrogatory No. 3:  Describe in detail your routine responsibilities and actions taken with regard to the classification and reviews of prisoners held in the segregated housing unit during the dates you acted as supervisor of the SHU at Indiana Women's Prison.

**RESPONSE:**  Defendant's responsibility during the classification and review process is providing information regarding the offenders behavior on the unit during the review periods and to provide the classification board with the names and dates of offenders who were due for reviews.

Interrogatory No. 4:  Identify all incidents for which you have been grieved or investigated that resulted in a verbal or written reprimand or for which you were disciplined within IDOC.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5:  Identify the name and address or telephone number of each person likely to have discoverable information, along with the subjects of that information, that the Plaintiff may use to support her claims contained in the complaint.

**RESPONSE:**  Ed Buss, Bruce Lemmon, Stanley Knight, Michael Osburn Steve McCauley, Peter Peckham, Shirley Washington, Janet O'Neal, Dr. Daniel Prober, Sharon Dawn.

Interrogatory No. 6:  Have you ever been a party to a civil court proceeding in a state or federal court? If so, please state the nature of the proceeding, the details of the case, your involvement, and the outcome.

**RESPONSE:**  Objection.  Defendant objects to this Interrogatory because it is burdensome, overbroad as Defendant has been an employee with IDOC for several years.

Exh 1

Interrogatory No. 7: Describe in detail any meeting, correspondence, or conversation you had with the Plaintiff regarding subjects contained in the complaint.

**RESPONSE:** To the best of the Defendant's knowledge there were none.


Interrogatory No. 8: Describe in detail any correspondence or conversation you had with each Defendant, IDOC staff, or civilian (i.e. medical, the public) regarding any of the claims set forth in the Plaintiff's complaint if not otherwise described by answer #5. This should include memos, emails, phone calls, staff meetings, etc.

**RESPONSE:** To the best of the Defendant's knowledge there were none.


Interrogatory No. 9: Were you ever responsible, in part or whole, for deciding the release of Plaintiff from the IWP segregated housing unit (SHU) or for any special conditions of her confinement?

    a) If yes, please describe your decisions regarding Plaintiff, to whom you communicated them, and the rationale used on which to base them.

    b) If now, or not entirely, who did you believe was responsible and why?

    c) If any of these responsibilities shifted or were otherwise delegated to any of the other Defendants or your subordinates at anytime, please indicate when and to whom.

**RESPONSE:** No.

Respectfully Submitted,


By:_____

            Wade J. Hornbacher
            Deputy Attorney General
            Atty. No. 28605-76

27

Exh 1